## WILSON et al. v. PLATT.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CARRIERS—FREIGHT—LIMITATION OF LIABILITY.

Where a package given an express company was lost by it, and no explanation given, and the receipt issued by the carrier stipulated that the carrier should not be liable for damages unless the result of gross negligence or fraud, and that the shipper should not demand more than $50, unless otherwise expressed in the receipt, and the shipper made no statement of value, and none was expressed in the receipt, the shipper could recover no more than $50, though the actual value of the package was greater.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Peter R. Wilson and others against Thomas C. Platt, as president of the United States Express Company. From a judgment in favor of plaintiffs, both parties appeal. Appeals dismissed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

¶ 1. See Carriers, vol. 9, Cent. Dig. § 665.

Wilder & Anderson, for plaintiffs.
Boardman, Platt & Soley, for defendant.

PER CURIAM. The plaintiffs delivered a package to the United
States Express Company for transportation to Chicago. The pack-
age was lost, and no explanation given for such loss. The plaintiffs
were awarded judgment, but their recovery was limited to $50, by
reason of certain stipulations in the receipt furnished by defendant
company. The plaintiffs appeal on the ground that they should have
recovered $101.33, which was conceded at the trial to be the real value
of the package. The defendant appeals, for the reason that, under
another stipulation in the receipt, the defendant was entitled to judg-
ment. The facts in this case come within the doctrine laid down in
Bernstein v. Weir (decided at the April Appellate Term, and not yet
officially reported) 83 N. Y. Supp. 48. The court below has written
an opinion in which good and sufficient reasons are given in support
of the decision. Both appeals should be dismissed, and the judgment
affirmed, without costs to either party as against the other.

Judgment affirmed, without costs. All concur.